NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD HARTER, | No. 16-17101 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00118-RCJ-WGC |
| v. | |
| E.K. McDANIEL, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Harold Harter appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging equal protection and due process claims in

connection with parole consideration. We have jurisdiction under 28 U.S.C.

§ 1291. We review for an abuse of discretion a dismissal for failure to prosecute.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004).  We affirm.

The district court did not abuse its discretion by dismissing Harter's action for failure to prosecute because Harter was given leave to amend his complaint and he failed to do so.  *See Edwards*, 356 F.3d at 1065 ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999) (listing factors to be considered in dismissing a case as a sanction for failure to prosecute).

Because Harter's action was dismissed as a sanction for failure to prosecute, the dismissal of his due process claim is not reviewable.  *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute[.]").

**AFFIRMED.**

16-17101